**TABOR et al. v. HATCHER et al.**

Court of Appeals of Kentucky.

June 13, 1952.

sor in title. However this deed was not recorded until long after the Hatchers purchased their tract. Therefore, the question was whether the Hatchers had actual knowledge of the existence of the deed, or of the existence of the passway, when they purchased the tract. Upon conflicting evidence, the chancellor found that they did not have such knowledge.

There was some claim of prescriptive use of the passway, by the Tabors and their predecessor in title, for 15 years after the Hatchers acquired title to the land, but the chancellor found that the evidence did not show such use as to establish a passway by prescription.

We have no doubt as to the correctness of the chancellor's determination.

The judgment is affirmed.

Hines & Hines, Thomas W. Hines, Bowling Green, for appellants.

Bell, Stagner & Orr, Charles R. Bell, Bowling Green, for appellees.

CAMMACK, Chief Justice.

D. W. Tabor and wife appeal from a judgment denying their claim to a passway to connect two tracts of land owned by them, over a tract of land owned by the appellees, M. Vernon Hatcher and wife.

At the time the Hatchers purchased their tract, there was in existence a deed by which their predecessor in title had conveyed the passway to the Tabors' predeces-